UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JASON DEAN BORDEN**                                                                                  **PLAINTIFF**

v.                                                            **CIVIL ACTION NO. 1:16CV-P66-GNS**

**UNITED STATES OF AMERICA**                                                **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Jason Dean Borden, a federal pretrial detainee currently incarcerated in the Grayson County Detention Center (GCDC), initiated this action by filing a *pro se* "Lawsuit pursant to 28 U.S.C. § 2401(b) an 28 U.S.C. § 2675(A)" (DN 1). Thereafter, Plaintiff filed an amendment (DN 7) to the complaint. This matter is before the Court on initial review of the complaint and its amendment pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

In the complaint (DN 1), Plaintiff indicates that he brings suit pursuant to 28 U.S.C. §§ 2401(b) and 2675(A) "against the United States of America concerning threats of 'Wrongful Death' as 'Personal Injures' suffered on December 28th 2015 in Federal Custody at GCDC[.]" He continues as follows:

> Borden hereby brings this lawsuit an so deems the records Administrative Exhaustion, that based upon the actions, an/or in action, an/or Failure to Respond to Tort claims sent to the United States District Court, Western District of Kentucky an also sent the Sixth Circuit Court due to violations of the District Courts Orders to "Stricken" "Preclude" any [illegible] all pro se movings by Plaintiff Borden.
>
> Borden here by entered Formal Lawsuit concerning his injuries suffered on December 28th 2015 due to Federal laws an Statutes "criminal acts" violated by Federal Employees ATF Agent David Hayse an U.S. Assistant Attorney Jo Ellen Lawless, an/or all concerning 1:15MJ-00022

> an/or criminal Docket record for 1:15-CR-0004-GNS-1 and these matters here-in proving Borden is currently in fear for his life due to "Wrongful Death" an the furtherance of Personal Injury caused by these same Federal Employees AKA The United States of America . . . .
>
> Wherefore the Plaintiff prays he be granted to proceed or suing the United States of America an all other relief he is entitled too by Federal Tort, State Tort, an U.S.C. Laws and Statutes of protection "Federal Witness Protections" and/or all relief.

(emphasis omitted).

To the complaint, Plaintiff attaches 90 pages of exhibits, consisting primarily of medical records, newspaper articles, various filings captioned for his criminal action (1:15-CR-00004-GNS), and letters from Nancy Sue Douglas, Plaintiff's mother. Although not so specified in the complaint, the attachments indicate that Plaintiff claims that Defendants Lawless and Hayse made incorrect statements to a newspaper following a February 2015 post-arrest interview between Plaintiff and law enforcement and that because of those incorrect newspaper statements, Plaintiff ultimately was assaulted by inmates at GCDC on December 28, 2015, resulting in right leg injuries, *i.e.*, "a shattered fibula, tibia, foot [and] toes broken."

In the amendment (DN 7), Plaintiff seeks to modify his action "with further evidence of fraud, Subterfuge as detailed in Roy Olmstead . . . vs. United States of America[.]" To the amendment, he attaches the caption of *Olmstead v. United States of America*, 72 L. Ed. 944. In the amendment, Plaintiff states as follows:

> [Borden] having detailed the illegal actions of Jo Lawless, an David Hayse, prays that by this leave to Modify the District Court accepts the summarized original "Olmstead Act: violations of Jo Ellen Lawless, ATF Agent David Hayse along with the conspired actions of All Federal Employees instructed by Jo Ellen Lawless or given instructions, supervision, Judicial Review, for David Hayse, an Jo Ellen Lawless.

2

Borden, via Federal Lawsuit has detailed th combined illegal actions of the co-defendants as agents there-of, that occurred prior to the March 11, 2015 indictment of Borden.

Occurring afterward are continued illegal acts noted in Law suit, with Bordens life in Danger of Wrongful Death, an his injuries detailed in Medical records.

Borden hereby adds the Court record, Supreme Court decisions concerning the Olmstead Act, giving copies detailed as;

If fraud, subterfuge, trespass, or theft is perpetrated by government officials, or if a government official participates directly or indirectly therein, the evidence thus secured is not admissible for the reason that it was secured in a manner which violates the provisions of the 4th an 5th Amendments to the constitution of the United States as committed directly by the Federal Employees Jo Ellen Lawless, David Hayse, in direct violation of Federal Laws an statutes, as well as the Olmstead Act.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner[1] seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

---

[1] "As used in [§ 1915A], the term 'prisoner' means any person incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." § 1915A(c). As a federal pretrial detainee "accused of . . . violations of criminal law," Plaintiff is a "prisoner" under § 1915A, despite his assertion to the contrary.

3

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

Plaintiff claims that a federal prosecutor and an ATF agent, both involved in his pending criminal case, 1:15-CR-00004-GNS, made statements to newspapers which ultimately resulted in other GCDC inmates assaulting him in December 2015.

Plaintiff brings his action under the Federal Tort Claims Act. Pursuant to the Act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the *claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*. The failure of an agency

> to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a) (emphasis added). Further, under § 2401(b),

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

"The government has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies." *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). "A claim submitted to the proper administrative agency is considered sufficient to satisfy the exhaustion requirement if it is a 'written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death.'" *Id.* (quoting *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (per curiam)).

Here, Plaintiff fails to allege that he has presented his claims to the appropriate federal agency/agencies. His FTCA claims, therefore, will be dismissed without prejudice by separate Order.

Plaintiff also amended the complaint to assert a violation of what he calls the "Olmstead Act," citing to *Olmstead v. United States*, 72 L. Ed. 944. The question raised in *Olmstead*, however, was "whether the use of evidence of private telephone conversations between the defendants and others, intercepted by means of wire tapping, amounted to a violation of the

5

Fourth and Fifth Amendments." *Olmstead v. United States*, 277 U.S. 438, 455, 48 S. Ct. 564, 565, 72 L. Ed. 944 (1928). The Court fails to discern how any part of the *Olmstead* decision applies to the instant civil action. For this reason, Plaintiff fails to state a claim upon which relief may be granted under the "Olmstead Act."

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: February 15, 2017

                                       **Greg N. Stivers, Judge**
                                       **United States District Court**

cc:      Plaintiff, *pro se*
          Defendants
4416.005